Gregory L. Weeks, Esq., CSB No. 58584
Janet Robertson Kaufman, Esq., CSB No. 116143
Gregory K. Nelson, Esq., CSB No. 203029
Chandler G. Weeks, Esq., CSB No. 245503
WEEKS, KAUFMAN, NELSON & JOHNSON
462 Stevens Avenue, Suite 310
Solana Beach, CA 92075
Telephone: (858) 794-2140
Facsimile: (858) 794-2141
Email: office@wknjlaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QR SPEX, INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>MOTOROLA, INC., OAKLEY, INC., QR SPEX OPTICS, INC., XONIX ELECTRONIC CO., LTD., and KYOCERA WIRELESS CORP.,<br><br>        Defendants.<br><br>OAKLEY, INC., a Washington corporation, OAKLEY SALES CORP., a Washington corporation, OAKLEY DIRECT, INC., a Washington corporation, and MOTOROLA, INC., a Delaware corporation,<br><br>        Plaintiffs,<br><br>vs.<br><br>QR SPEX, INC., an Oklahoma corporation,<br><br>        Defendant. | Case No.: SACV 07-987 CJC (RNBx)<br><br>Consolidated Cases:<br><br>USDC, Eastern District of Texas<br>Case No. 506 CV 124<br><br>USDC, Central District of California<br>Case No. SACV 06-627 CJC (RNBx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER PURSUANT TO THE STIPULATION OF THE PARTIES |

GOOD CAUSE EXISTS as to why a protective order to govern discovery in this case should be issued.

WHEREAS, it may be necessary or desirable to take discovery of information which is believed to be confidential and proprietary by the holder thereof;

WHEREAS, this is a patent lawsuit that requires discovery related to business plans, strategies, sales information, trade secrets, proprietary developments, personal information and other highly sensitive information that the parties do not wish to publicly disclose; and

WHEREAS, the parties hereto desire to obtain a protective order to prevent dissemination and unnecessary disclosure of such information on the public record;

IT IS HEREBY STIPULATED, subject to the Court's approval, and ORDERED, pursuant to Federal Rules of Civil Procedure, Rule 26(c), that the following provisions shall govern the handling of such confidential information and documents in these proceedings:

1. <u>Definitions.</u>

(a) "<u>Confidential Information</u>". For purposes of this Order, "confidential information" means information which the designating party deems to constitute trade secrets or other highly sensitive research, development, or commercial information which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices. It shall be the duty of the party who seeks to invoke protection under this Order to give notice, in the manner set forth hereinafter, of the information and documents and testimony to be covered hereby, and the duty of any other party or person to maintain the confidentiality thereof under this Order commences with such notice.

(b) "<u>Documents</u>". As used herein, the term "document" shall have the most comprehensive and inclusive sense permitted by Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, any written or

graphic matter in any medium and of any type or description upon which information is recorded.

(c) "Pleadings". As used herein, "pleadings" means, without limitation, the following items: complaint, answers, cross claims, counterclaims, or amendments thereto, orders of the Court, briefs, memoranda, interrogatories and responses thereto, requests for admissions and responses thereto, requests to produce or any other documents and exhibits filed with this Court in connection with this proceeding.

2. Levels of Confidentiality. In recognition of the fact there are different degrees of sensitivity for various pieces of information and that it may be necessary for counsel to show some confidential materials to independent experts and to client representatives in order to prepare the case for trial, there will be two levels of confidentiality hereunder:

(a) "CONFIDENTIAL-CATEGORY 1-ATTORNEYS EYES ONLY" confidential materials shall be disclosed only to (i) counsel of record for a non-designating party, the members of their firm, their office personnel assisting in the conduct of the case, and any professional vendor providing litigation support services (*e.g.*, photocopying, document imaging, videotaping, transcribing, etc.) to counsel of record; (ii) authors of and lawful recipients of the Confidential Category 1—Attorneys Eyes Only confidential materials, which includes but is not limited to any employees, agents, officers, or representatives of the designating party; (iii) other persons with the prior written approval of counsel for the designating party or non-party and with written approval of opposing counsel; (iv) outside experts retained to assist counsel in the preparation of the case and their office personnel, provided that such expert is not a past or current employee of a party or a competitor of a party, and provided that the expert shall be shown a copy of this Order before receiving any confidential materials and shall sign a copy of the Order agreeing to be bound by its terms; and (v) employees of the parties intended to be designated as expert witnesses, provided that the names and employment

affiliations of employee-experts are provided to the disclosing counsel at least 10 days in advance of such disclosure, so that counsel for the disclosing party may have an opportunity to object to the Court prior to such disclosure, in which case such disclosure shall not occur pending resolution by the Court. Receiving counsel shall retain the signed copies of the Order, and provide copies to disclosing counsel if requested.

(b) "CONFIDENTIAL-CATEGORY 2" confidential materials may be shown to persons authorized to review Category 1 documents as well as (i) the parties, their officers, directors, and employees, to the extent necessary for the conduct of this action, (ii) authors of and lawful recipients of the Confidential Category 2—confidential materials, and (iii) witnesses whose depositions have been noticed by the parties in this case.

(c) Any individual other than (i) counsel of record for a non-designating party, the members of their firm, their office personnel assisting in the conduct of the case, and any third-party vendor providing photocopying, document imaging, or other litigation support services to counsel of record, (ii) the authors of and lawful recipients of the confidential materials; and (iii) the Court or court personnel, that receive any confidential information shall be shown a copy of this Order before receiving any confidential materials and shall sign a copy of the Order agreeing to be bound by its terms. Disclosing counsel shall retain the signed copies of the Order.

3. <u>Designation of Documents, Pleadings or Things.</u> Documents, pleadings (or portions thereof) or things produced in the course of discovery herein (either formally or informally) which the producing party deems to contain confidential information, within the meaning of this Order, shall be designated as confidential by the producing party at the time of production, and copies of documents, pleadings, things or portions thereof deemed to be confidential shall be specifically identified and marked "CONFIDENTIAL - Category (l or 2)" by the producing party at the time of production.

4. <u>Designation of Deposition Testimony.</u>

If, during a deposition session, an inquiry is made with regard to the content of a confidential document, or when counsel for a party deems that the answer to a question will result in the disclosure of confidential information of his client within the meaning of this Order, counsel may identify the portions of the transcript (including exhibits) which contain confidential materials and specify the level of confidentiality asserted (Category 1 or 2), either in the course of the deposition by so stating on the record, or by letter to all parties within sixty (60) days after receipt of the deposition transcript (or of written notification that the transcript is available, whichever is earlier).  The following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing confidential material: "CONTAINS CONFIDENTIAL INFORMATION - ATTORNEY'S EYES ONLY" (for Category 1) and/or "CONTAINS CONFIDENTIAL INFORMATION" (for Category 2).  If the deposition is videotaped, such legend shall appear on the videocassette or other videotape container, as well as any copies of the video or container.  When any portion of a deposition has been designated confidential, such testimony shall be disclosed only to those individuals specified in Paragraph 2 hereof, and the information contained therein shall not be used for any purpose other than for purposes of this suit. Counsel for the party whose confidential information is involved may also request that all persons not entitled to receipt of Confidential Information (Category 1 or Category 2) other than the reporter, counsel and individuals specified in Paragraph 2 shall leave the deposition room during the confidential portion of the deposition. Failure of such persons to leave the room shall be substantial justification for counsel to advise the witness to not answer pending questions related to Confidential Information. Each party shall have only one representative attend depositions of another party or third party witnesses.

5. <u>Good Faith Requirement.</u>  A party shall only classify materials under paragraph 2 of this Order upon a good faith belief that the material contains

confidential proprietary information and that classification under paragraph 2 will, in that party's opinion, prevent commercial damage to that party.

6. <u>Filing with the Court.</u>  All transcripts of depositions or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and other documents filed with the Court in this action which have previous thereto been designated as comprising or containing Category 1 – Attorneys Eyes Only Confidential information, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be filed with the court as a proposed filing accompanied by an application to file the papers or the portion thereof containing the Confidential Information under seal, and such application shall be directed to the judge to whom the papers are directed. The party filing any such application shall be responsible for informing the receiving clerk of the court that the filing should be conditionally sealed, pending the order of the Court and that THE legend "[CONDITIONALLY] FILED UNDER SEAL PURSUANT TO CONFIDENTIALITY ORDER" should be placed next to the caption.

7. <u>Restriction on Disclosure.</u> No person or party receiving any document or information designated as confidential under this Stipulated Protective Order shall disclose such to anyone not specified in Section 2 hereof, nor use such for any purpose other than for the purposes of this action (i.e. preparation for trial, trial and any pretrial or post-trial proceeding), without the prior written consent of the designating party or further order of this Court.

8. <u>Challenging Confidentiality Designations</u>.

A party that elects to intitiate a challenge to a designating party's confidentiality designation must do so in good faith and must initiate the process by conferring with counsel for the designating party.  In conferring, the challenging party must identify the documents with respect to which it challenges the confidentiality designation, explain the basis for its challenge, and give the designating party fourteen (14) days to review the designated material to reconsider the designation.  If, after such time period, the designating party does

not de-designate the materials as confidential under either Category 1 or 2, the challenging party may seek judicial assistance. The burden of persuasion regarding the confidential designation of the materials shall be on the designating party, unless otherwise provided by relevant case law or statute. Any such motion under this paragraph shall be made in strict compliance with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement thereof. Unless and until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the designating party's designation.

9. <u>Information in Public Domain.</u> Among the potential challenges described in Section 8 hereof is the right of counsel for a non-designating party to assert that any information designated confidential is, in fact, in the public domain. Any information which, prior to disclosure hereunder, is either in the possession or knowledge of a non-designating party or person who, absent this Order, is under no restriction with respect to the dissemination of such confidential information, or is public knowledge or which, after disclosure, becomes public knowledge other than through an act or omission of a party receiving the information designated as confidential, shall be deemed to be in the public domain. A non-designating party or person asserting that designated information is in the public domain shall, prior to any disclosure (outside of the parameters of this Order) of such information previously designated confidential, follow the procedures outlined in Section 8.

10. <u>Relief from Order.</u> This Stipulated Protective Order is intended to provide a mechanism for the handling of confidential information and documents to the disclosure or production of which there is no objection other than confidentiality. This Order shall be without prejudice to the rights of the parties to object to the disclosure of information or production of documents it deems confidential or to bring before this Court at any time the question whether any particular information is or is not confidential, whether such information is properly categorized, or whether disclosure at trial in open court is nevertheless

necessary in the interest of justice.  Any party may also move for relief from, or general or particular modification of, the mechanism for maintaining confidentiality hereunder or the application of this Order in any particular circumstance.

11. <u>Term of Order.</u>  This Stipulated Protective Order is intended to regulate the handling of confidential information and documents during the pretrial period of this litigation, but shall remain in force and effect and shall survive the termination of this action, unless or until it is modified, superseded or terminated on the record by agreement of the parties hereto or by order of this Court.  No amendment to this Stipulated Protective order may be made by the parties without approval of the amendment by the Court.

12. <u>Third Parties.</u>  To the extent that any discovery is taken of persons who are not parties to this action ("third parties") and in the event such third parties or the parties hereto contend the discovery sought involves confidential proprietary information, then such third parties may agree to be bound by this Order.  Third parties who have been subpoenaed to testify or produce documents may designate any deposition testimony or, with the approval of the court, hearing or trial testimony, or document or thing produced by them as Confidential information and/or Confidential Attorneys Eyes Only information, and such third parties shall have the same rights and obligations with respect to such information as the parties hereto.

13. <u>No Waiver.</u>  The failure to designate information in accordance with this Order or the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose a designation or challenging a designation.

14. <u>Violations of Order.</u>  Any party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement, may move the Court for an injunction or an Order

to Show Cause seeking to hold that party in contempt of Court and seeking such other relief as may be appropriate under the circumstances. Pending disposition of the motion by the Court, the party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

15. <u>Jurisdiction of Court.</u>   The Court retains jurisdiction to enforce the provisions of this Stipulated Protective Order and to make such amendments, modifications, and additions to this Stipulated Protective Order as the Court may from time to time deem appropriate.

16. <u>Return/Destruction of Materials.</u>  Within sixty (60) days after final termination of this action, including all appeals, each receiving party shall be under an obligation to either destroy or assemble and return to the designating party all documentary material or memoranda embodying information still designated confidential, including all copies of such memoranda or documentary material which may have been made. Receipt of returned documentary material by the party from whom it emanated shall be acknowledged in writing.

17. Unless the parties otherwise stipulate, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose.

IT IS SO ORDERED this <u>15th</u> day of <u>May</u>, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

… … …
… … …
… … …

… … …

APPROVED AS TO FORM AND CONTENT:

Dated:                                                          Dated:

| Gregory K. Nelson | Mark Giugliano |
| WEEKS, KAUFMAN, NELSON & JOHNSON | GIBBS & BRUNS, LLP |
| 462 Stevens Avenue, Suite 310 | 1100 Louisiana, Ste. 5300 |
| Solana Beach, CA 92075 | Houston, TX  77002 |
| Attorneys for Defendants | Attorneys for Plaintiff |